UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 5:20-cr-00067

KWAINE BRENGETTCY

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Kwaine Brengettcy's Motion for Request for Compassionate Release and/or a Sentence Reduction, filed March 3, 2022. [Doc. 75]. The United States responded on April 25, 2022. [Doc. 79].[1] The matter is ready for adjudication.

I.

On August 31, 2020, Mr. Brengettcy pled guilty to one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Doc. 52]. Mr. Brengettcy was sentenced to seventy (70) months of incarceration followed by a three-year term of supervised release. [Doc. 69]. This sentence included a downward variance from the otherwise applicable United States Sentencing Guideline range due to Mr. Brengettcy's "strong familial relationship with his children, his extensive medical issues, and the multiple letters in support of [Mr. Brengettcy] received by the Court, which . . . provided insight into [his] overall character." [Doc. 71 at 3]. Mr. Brengettcy is scheduled for release on February 16, 2025.

On March 3, 2022, Mr. Brengettcy filed a Motion for Request for Compassionate

---

[1] Also pending is the United States' Motion to Seal Exhibits A and B to the Response, filed April 25, 2022. [Doc. 80]. Those exhibits contain personal and medical information pertaining to Mr. Brengettcy. The Court **GRANTS** the Motion to Seal.

Release and/or a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 75]. He seeks release for "extraordinary and compelling reasons," citing his heightened potential risk of contracting COVID-19 based on his personal medical history and the allegedly harsh and unduly burdensome conditions at his prison due to the COVID-19 restrictions implemented by the Bureau of Prisons ("BOP"). [*Id.* at 6–7]. Specifically, Mr. Brengettcy contends that "he will probably catch COVID-19 in the FBOP and die" because "[h]e is currently obese, has diabetes, hypertension, arthritis, and Stills Disease." [*Id.* at 6–7]. He also asserts that the BOP's COVID-19 response has "made the service of [his] sentence more punitive than contemplated at the time of his hearing" due to the modified lockdown conditions in place that prevent him from "get[ing] educational programming, regular family visitation, and a normal prison setting." [*Id.* at 7]. Lastly, Mr. Brengettcy claims that he is "not a danger to any person in the community at large" and is "a changed man – a different person." [*Id.* at 7–8].

On April 25, 2022, the United States responded. [Doc. 79]. It contends that the BOP's modified operations, as well as the low number of confirmed cases at the time the response was filed, demonstrate the "fruitful[ness]" of the BOP's "strenuous efforts" to protect inmates against COVID-19. [*Id.* at 3–6]. These efforts include utilization of home confinement and vaccinations. [*Id.* at 4–7]. According to the United States, approximately 94% of inmates at FCI Elkton, where Mr. Brengettcy is held, are fully vaccinated. [*Id.* at 7]. Furthermore, the United States claims the § 3553(a) factors do not support Mr. Brengettcy's release, emphasizing that the general threat of the COVID-19 Pandemic does not alone provide a basis for a reduction in Mr. Brengettcy's sentence. [*Id.* at 13]. It also asserts that Mr. Brengettcy no longer presents an "extraordinary and compelling reason" for release based on his COVID-19 risk factors because he has been vaccinated. [*Id.* at 16]. Finally, the United States contends that Mr. Brengettcy presents

a significant danger to the community due to his association and engagement with "significant other drug dealers" and has additionally "fail[ed] to demonstrate how release, 25 months into a 70-month sentence for a serious drug crime, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense." [*Id.* at 37].

## II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) in order to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only consider compassionate release on motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. ___, slip op. at 16 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation of other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at 17–18. Rather, "[i]t is only when Congress or the Constitution

limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 6; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis."). Our Court of Appeals permits district courts to take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this Order, the United States Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D. W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–83).

In determining whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, district courts have considered the age of the inmate, the documented history and severity of the inmate's health conditions, and the proliferation and status of infections in the prison facility. *United States v. Brady*, No. S2 18 CR. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases). Courts give particular attention to the presence of comorbidities that the Centers for Disease Control identifies as increasing the risk of serious illness from COVID-19. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (finding an "extraordinary and compelling reason" for compassionate release based on the inmate's diabetes, high blood pressure, and liver abnormalities, as well as the outbreak at FCI Elkton and the short period remaining on his sentence); *United States v. Zukerman*, 451 F. Supp. 3d 329, 335 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release due to defendant's diabetes and age in light of the COVID-19 outbreak); *United States v. Colvin*, 451 F. Supp. 3d 237, 241 (D.

4

Conn. Apr. 2, 2020) (granting compassionate release based on defendant's diabetes, paired with the COVID-19 outbreak).[2]

If an inmate demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

Upon careful review under 18 U.S.C. § 3582(c)(1)(A), and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes Mr. Brengettcy has not shown that either compassionate release or a sentence reduction is warranted.

Mr. Brengettcy's primary assertion concerns his potential risk of contracting COVID-19 at FCI Elkton. Mr. Brengettcy contends his personal health history puts him at risk of serious complications from COVID-19. The United States has provided the Court with medical records from the BOP that indicate Mr. Brengettcy is obese and has diabetes, high blood pressure, Stills Disease, and arthritis. Some of these conditions put him at a higher risk of serious illness if

---

[2] Importantly, each of the cited cases was decided early in COVID-19's spread throughout the United States and before vaccinations were available to inmates. *See Rodriguez*, 451 F. Supp. 3d at 393 (considering the lack of an "approved cure, treatment, or vaccine to prevent [COVID-19]" in its analysis); *Zukerman*, 451 F. Supp. 3d at 333 (citing the defendant's "unique circumstances and the exigency of a rapidly advancing pandemic" as factors favoring release).

he contracts COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

The conditions at FCI Elkton, however, are improving. While the Facility is currently operating at a Level 2 modification, as of September 26, 2022, there were only six confirmed cases of COVID-19 among inmates and staff at FCI Elkton. *Covid-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited September 26, 2022). Mr. Brengettcy's health conditions are of concern to the Court, but given the minimal infection at the Facility and high vaccination statistics, there are not extraordinary and compelling reasons for his release.

Further, the applicable 18 U.S.C. § 3553(a) factors caution against Mr. Brengettcy's release. The subject offense was quite serious. Mr. Brengettcy was involved in active perpetuation of the epidemic drug use in this District. At the time of his arrest, Mr. Brengettcy had approximately 21 grams of methamphetamine in his jacket and "had admitted to selling pounds within the previous months." [Doc 79 at 37]. Although there was no violence involved in this crime nor in Mr. Brengettcy's prior convictions, distribution of controlled substances is not a victimless crime.

Reducing Mr. Brengettcy's sentence to time served -- or at all -- would also hinder the goals of sentencing to deter future crimes and protect the public from additional crimes by Mr. Brengettcy. Mr. Brengettcy has served less than half of his sentence as of the date of this Order -- a sentence representing a marked reduction in the Guideline range he would otherwise have faced absent a variance. If released, he would return to Detroit, Michigan -- the city in which he purchased methamphetamine for redistribution. [Doc 51 at 9; Doc. 78 at Ex. A]. The likelihood of

recidivism is thus a continuing concern.

## IV.

For the foregoing reasons, the Court **DENIES** Defendant Kwaine Brengettcy's Motion for Request for Compassionate Release and/or a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) **[Doc. 75]**.

The Clerk is directed to send a copy of this written opinion and order forthwith to the Defendant and counsel of record in this matter.

ENTER:        September 26, 2022



Frank W. Volk
United States District Judge

7